# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| ALERA J. ELLIOTT, | : |
| | : |
|     Plaintiff, | : |
| | : |
| v. | :     No. 5:18-CV-46 (CAR) |
| | : |
| BONEFISH GRILL, LLC, | : |
| | : |
|     Defendants. | : |
| _____ | : |

## ORDER ON CONSENT MOTION TO REMAND

Before the Court is the parties' Consent Motion to Remand the instant personal injury action to the Superior Court of Bibb County, Georgia. For the following reasons, the parties' Consent Motion to Remand [Doc. 3] is **GRANTED**.

On December 22, 2017, Plaintiff filed this action in the Superior Court of Bibb County alleging she sustained personal injuries due to Defendant's negligence at its Bonefish Grill restaurant located at 5080 Riverside Drive, Suite 506, in Macon, Georgia. Defendant removed the action to this Court on February 2, 2018. On February 22, 2018, the parties filed the Consent Motion to Remand currently before the Court.

In their Motion, the parties provide no argument as to why remand is proper. This Court does not have the discretion to remand a properly removed action simply because

both parties consent to remand.[1] However, the "court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."[2] Additionally, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."[3]

A defendant may remove a case from state court to federal court if the federal court has original jurisdiction over the case.[4] A district court lacks subject matter jurisdiction over a removal action when it does not have "original jurisdiction over the plaintiff's claims."[5] Original jurisdiction under § 1441 arises if there is diversity of citizenship or the complaint presents a federal question.[6] "The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time."[7] Further, "[f]ederal courts are courts of limited jurisdiction, and there is a presumption against the exercise of federal jurisdiction,

---

[1] *See Mitchell & Shapiro LLP v. Marriott Int'l, Inc.*, No. 1:08-CV-1180-JTC, 2008 WL 11337750, at *1 (N.D. Ga. May 28, 2008) (citing *In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) (denying joint motion to remand with no argument or citation to authority as improper, as "[t]he Court's discretion to remand a case involving a properly removed federal claim is narrow and limited by statute."), *order vacated on reconsideration on other grounds,* No. 1:08-CV-1180-JTC, 2008 WL 11337749 (N.D. Ga. June 20, 2008). *See also Buchner v. F.D.I.C.*, 981 F.2d 816, 820 (5th Cir. 1993)(citing *Thermtron Prods. v. Hermansdorfer*, 423 U.S. 336, 345 (1976) ("The rule established by *Thermtron* is that a district court exceeds its authority if it remands a case on grounds not expressly permitted by the controlling statute.").
[2] *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 975 (11th Cir. 2005).
[3] 28 U.S.C. § 1447(c).
[4] 28 U.S.C. §1441(a).
[5] *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).
[6] *See* 28 U.S.C. §§ 1331,1332.
[7] *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c).

2

such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand."[8]

Here, Defendant initially removed this case pursuant to the Court's diversity jurisdiction under 28 U.S.C. §§ 1332 and 1441. Defendant alleged complete diversity of citizenship, and Plaintiff's unspecified damages "would allegedly exceed Seventy-Five Thousand Dollars ($75,000.00)."[9]

"On a motion to remand, the removing party bears the burden of establishing jurisdiction."[10] "Where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement."[11]

Ordinarily, a defendant would attempt to show removal was proper, but since here Defendant has consented to remand, the Court must determine whether it has jurisdiction solely based on the Complaint and the Notice of Removal.[12] Based on the Complaint and Notice of Removal, there appears to be complete diversity. However, the Complaint lists damages of $17,465.79 for medical bills already incurred, and alleges additional damages

---

[8] *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).
[9] Def.'s Notice of Removal, [Doc. 1] at p. 2.
[10] *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).
[11] *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356–57 (11th Cir.1996), *overruled on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1072 (11th Cir.2000).
[12] *Boyd v. Shelton*, No. CIVA1:09-CV-03502JOF, 2010 WL 1817759, at *2 (N.D. Ga. May 6, 2010).

as continuing medical treatment, lost earnings, pain and suffering, and punitive damages, specific amounts to be determined. Based on these allegations, the Court cannot find that a preponderance of the evidence shows that the amount in controversy more likely than not exceeds $75,000.

Based on the foregoing, the parties' Consent Motion to Remand [Doc. 6] is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), the case is hereby **REMANDED** to the state forum for further proceedings because this Court lacks subject matter jurisdiction. The Clerk of the Court is hereby **DIRECTED** to forward a certified copy of this Final Order of Remand to the Clerk of the Superior Court of Bibb County, Georgia, Civil Action No. 2017-CV-067883.

**SO ORDERED,** this 28th day of February, 2018.

<u>S/ C. Ashley Royal</u>
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT